IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
VICTORIA ALLEN,                *
                               *
     Plaintiff,                *
                               *
     v.                        *    CV 119-123
                               *
MICHAEL COLEMAN, Individually, *
and BLUEGRASS MATERIALS        *
COMPANY, LLC,                  *
                               *
     Defendants.               *
```

**O R D E R**

Before the Court is the Parties and Martin Marietta Materials Inc.'s ("MMM") (collectively, "Movants") motion to substitute MMM in place of Defendant Bluegrass Materials Company, LLC ("BGM"). (Mot. to Substitute Def., Doc. 19.) According to Movants, before Plaintiff filed this lawsuit, MMM acquired BGM.[1] (Id. at 1.) Because MMM acquired BGM, Movants agree that "MMM, not BGM, is the proper party to this action." (Id.)

Movants invoke Federal Rule of Civil Procedure 25(c) as the basis for the Court's authority to substitute MMM for BGM. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action

---

[1] MMM acquired BGM on April 27, 2018; the incident giving rise to the present dispute occurred on August 20, 2018; and Plaintiff filed this lawsuit in state court on July 2, 2019. (Id.; Doc. 1-1, at 4.)

or joined with the original party." Rule 25(c), however, "applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins." Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1407 (11th Cir. 1998) (citing Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 610 (11th Cir. 1984); Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam)).

Here, Movants are clear that the transfer of interest occurred before this litigation. Accordingly, Rule 25(c) is inapplicable, and the Court **DENIES** the motion (Doc. 19). The proper procedure to substitute MMM for BGM is for Plaintiff to amend her complaint under Rule 15 naming the correct party. Because Defendants and MMM consent to the substitution (see Mot. to Substitute Def., at 1), the Court allows Plaintiff **SEVEN (7) DAYS** from the date of this Order to file a motion for leave to file her second amended complaint naming the proper party. Within the motion for leave to file, Plaintiff may address any matters related to amending the complaint requiring the Court's attention. If the motion for leave to file lacks express consent from Defendants and MMM, the Court will allow time to respond as provided by the Local Rules. Once the Court resolves the party-substitution matter, the Court will address the pending motion to remand (Doc. 13).

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of November, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA